**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| TRICIA DUSHEKE, et. al.,      ) | |
| ) | |
| Plaintiffs,      ) | |
| ) | |
| v.      ) | Case No. 11-4130-CV-FJG |
| ) | |
| DILLON STORES DIVISION, INC.,      ) | |
| d/b/a GERBES SUPER MARKETS,      ) | |
| Defendant.      ) | |

## ORDER

### Plaintiffs' Motions in Limine

Plaintiff requests that the following evidence be excluded from trial:

**A. Evidence or arguments relating to Gerbes' ice removal contractor (Doc. No. 87)**

     Plaintiff indicates that evidence or arguments relating to Gerbes' contract with an ice removal contractor should be excluded because Gerbes' duty to maintain a safe premises is non-delegable and cannot be avoided by contracting with others. Plaintiff indicates that such evidence is irrelevant and unduly prejudicial because the evidence may mislead the jury to believe that Gerbes had successfully delegated the duty. Plaintiff indicates that in order for liability to shift from the property owner to an independent contractor, the owner must relinquish possession and control of the premises such that the independent contractor is seen as the possessor of the land, which is not the situation in this case. Plaintiff indicates that a storekeeper cannot shift to a contractor its duty to keep entrances or exits safe. Plaintiff also indicates that this Court has denied the introduction of evidence regarding a contract with the ice removal contractor in a similar case because the evidence was irrelevant and unduly prejudicial. Kugler v. Wal-Mart Stores East L.P., et al., Case No. 08-4018-CV-C-NKL (W.D. Mo. 2009). Defendant indicates that the use of unpublished district court orders is in violation of the 8th Circuit's rules and that this order contains no analysis. Plaintiff requests that evidence of Gerbes' agreement with, reliance on, or actions taken related to the ice removal contractor be limited to evidence that Gerbes took attempts to clear the ice so as to preclude a natural accumulation defense.

     Defendant indicates that evidence relating to the independent contractor removing ice is relevant because Defendant cannot be held liable for alleged negligence of independent contractors. Defendant indicates that a business proprietor may shift its duty to use reasonable and ordinary care when it hires an independent contractor and

that a business proprietor is generally not liable for torts committed by independent contractors. Defendant indicates that exclusion of such evidence will tend to create a strict liability scenario for Defendant, and that evidence which may demonstrate Mrs. Dusheke's fall was caused by the contractor and not Defendant is merely evidence to establish that Defendant is not guilty of the negligence charged. (Doc. No. 111).

**Ruling:** This Motion is **GRANTED**.

### B. Plaintiff's unrelated health conditions (Doc. No. 88)

Plaintiff seeks to exclude evidence of her health conditions. Plaintiff indicates that her medical condition of lupus is unrelated, irrelevant under FRE 402 and unduly prejudicial under FRE 403. Plaintiff indicates that there is no expert testimony that her lupus condition is in any way related to injuries sustained in her fall at Gerbes, and that any evidence of her lupus or any other health condition may mislead the jury.

Defendant indicates that Mrs. Dusheke's other health conditions are relevant and material to Gerbes' case and should be admitted. Defendant indicates that it should be allowed to introduce any evidence of medical conditions which may have contributed to Plaintiff's injuries, or the causation of the fall itself. Defendant indicates that such evidence is particularly relevant if Mrs. Dusheke had knowledge of health conditions affecting her stability or ability to walk, yet took no actions to address these issues the day of the alleged fall. Defendant indicates that such evidence may also clarify what injuries in fact resulted from this fall. (Doc. No. 110)

**Ruling:** This Motion is **PROVISIONALLY GRANTED**.

### C. Hearsay comments of Plaintiff's friends (Doc. No. 89)

Plaintiff indicates that Mrs. Dusheke's friend came to assist Plaintiff at the scene of the fall, shortly thereafter, and made comments to Gerbes employees. Plaintiff indicates that these comments, such as "things like this happen to Tricia" or "Tricia is klutzy" or "Tricia is always in a hurry" are hearsay (under FRE 802) and such statements obtained during direct examination would be inadmissible lay opinion (under FRE 701). Plaintiff indicates that the friend did not witness the fall.

Defendant indicates that the friend's comments are admissible because they are a witness's perception of Mrs. Dusheke, are helpful in determining who is responsible for the alleged fall, and are not scientific or technical (under FRE 701). Defendant indicates that the evidence is opinion related to the Plaintiff's character or character traits and reputation. Therefore, it is an exception to the hearsay rule (under FRE 405 and 408(21)). (Doc. No. 112).

**Ruling:** This Motion is **GRANTED**.

**D.  Insurance benefits, other collateral sources, or continuing obligations as to medical bills  (Doc. No. 90)**

Plaintiff indicates that allowing any evidence regarding the method of payment of medical bills would be improper under the collateral source rule.  Plaintiff indicates that juries may not be informed of collateral sources such as health insurance or benefits from any source due to the injuries received by the Plaintiff.  The parties have stipulated to the amounts in medical bills Plaintiff was charged and paid.  Plaintiffs agree the stipulated amount of paid bills may be introduced to the jury in a manner which reveals they are paid, however, that is the only reference to collateral source which Plaintiffs accept – that being the reference to paid without disclosing or implying the source of payment.

Defendant agrees that the parties stipulation that Defendant may introduce evidence of the amount paid to satisfy the Plaintiff's medical bills and Plaintiff could introduce evidence of the amount charged by the providers (if the proper foundation is laid for said evidence).  With that understanding, Defendant concedes to the motion to the extent that it prohibits evidence of the source of payment, not the amount.(Doc. No. 113).

**Ruling:**  This Motion is **GRANTED**.


Date: <u>October 16, 2012</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge