**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| TRICIA DUSHEKE, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 11-4130-CV-FJG |
| ) | |
| DILLON STORES DIVISION, INC., ) | |
| d/b/a GERBES SUPER MARKETS, ) | |
| Defendant. ) | |

## ORDER

**Defendant's Motions in Limine**

Defendant requests the following evidence be excluded:

**A. Documents or things not previously identified in discovery (Doc. No. 93)**

Defendant indicates that Plaintiffs should not be permitted to offer documents or things not previously identified or produced in discovery and should not call any surprise witness at trial due to the prejudice that would ensue to Defendants (under Fed. R. Civ. P. 26).

Plaintiffs do not plan to call any such witnesses unless necessary for rebuttal, and do not dispute doing otherwise would be improper. As to documents and things, although Plaintiffs do not anticipate presenting any documents or things that have not previously been disclosed or for which Plaintiffs have not accommodated Defendant's ability to obtain, Plaintiffs state Defendant's request is not proper and should not be granted without further specificity as to the documents or things Defendant seeks are rejected. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

**B. Evidence of liability insurance (Doc. No. 94)**

Defendant indicates that allowing evidence in reference to the presence of Defendant's commercial liability insurance would be inappropriate (under FRE 411). Defendant indicates that this case does not meet any exceptions to the insurance exclusion (under FRE 411).

Plaintiffs do not oppose, but believe that they should be allowed to ask questions in voir dire which may identify the liability carrier by name so as to assess a juror's potential bias or conflict. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

### C. Testimony, evidence, or argument regarding or referencing any offers of settlement or compromise made by Defendant (Doc. No. 95)

Defendant indicates that testimony, evidence, or argument regarding or referencing any offers of settlement or compromise made by Defendant should not be allowed (under FRE 408). Defendant indicates offers of settlement are inadmissible because of the public policy favoring the settlement of disputes, and would have the natural tendency with the jury to denigrate the defense position at trial.

Plaintiffs agree that neither party should be allowed to discuss prior settlement attempts. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

### D. Testimony regarding cost of future medical treatment for Plaintiff (Doc. No. 96)

Defendant asks that any testimony regarding Mrs. Dusheke's future medical expenses be barred because there has been no evidence or testimony rendered in this regard.

Plaintiffs oppose the motion, and indicate that such evidence exists in the form of Dr. Turnbaugh's testimony (Plaintiff's treating physician) that Plaintiff would need future treatment and as to the cost of such treatment. Specifically, Mrs. Dusheke suffered a shattered knee cap as a result of slipping on ice at the Gerbes store and falling. Dr. Turnbaugh surgically inserted several screws to put her knew back together. Shortly after the surgery, one of the screws began causing problems. Dr. Turnbaugh performed another surgery on Plaintiff to remove that screw. The other screws remain in Plaintiff's knee. Dr. Turnbaugh discussed that those screws may cause problems for Plaintiff in the future and if they do, they will need to be surgically removed. As such, Plaintiff indicates that testimony regarding Plaintiff's increased risk for future medical care and possible future costs incurred is admissible to aid the jury in assessing the extent and value of the plaintiff's present injuries, even if those future consequences are not reasonably certain to occur. (Doc. No. 109).

**Ruling:** This Motion is **PROVISIONALLY DENIED**. It is contingent upon supporting evidence.

**E. All witnesses except the Plaintiffs and designated representatives of the Defendant, witnesses actually testifying, and those witnesses excused from testifying (Doc. No. 97)**

Defendant request exclusion of all witnesses, except the Plaintiffs and designated representatives of the Defendant, the witness actually testifying, and those witnesses excused from testifying, from the courtroom during the course of the trial.

Plaintiffs do not oppose. (Doc. No. 109)

**Ruling:** This Motion is **GRANTED**.

**F. Evidence of damages or injuries not alleged in the Complaint (Doc. No. 98)**

Defendant asks that the Court bar presentation of evidence of alleged damages or injuries to the body parts of Mrs. Dusheke not set forth in the Complaint.

Plaintiffs do not oppose but indicate that Plaintiff's knee injury, treatment and possible future treatment for that knee injury are included within the definition of the injury pleaded. (Doc. No. 109).

**Ruling:** This Motion is **PROVISIONALLY DENIED**. It is contingent upon supporting evidence.

**G. Evidence or testimony that concrete was defective or unsafe (Doc. No. 100).**

Defendant indicates that Plaintiffs' allegation that Defendant breached duty owed to Plaintiffs by using "smooth, slick concrete" for the surface of the entrance/exit at Gerbes is not supported by evidence produced during discovery so any such evidence should be excluded. Specifically, Defendant indicates that Plaintiffs have not produced evidence that the concrete used was abnormal, inappropriate, inherently slick, inherently unsafe, negligently or improperly installed, and have not disclosed expert witness testimony regarding the coefficient of friction of the concrete.

Plaintiffs do not oppose, except to allow Mrs. Dusheke to testify as to the slick nature of the concrete. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

### H. Any expert opinions  (Doc. No. 101)

Defendant indicates that for all expert testimony not identified as an exception to Rule 26(a)(2)(B), parties must produce a copy of the expert's written report containing the witnesses opinions.  Defendant indicates that Plaintiffs have not identified any such exclusions (under Fed. R. Civ. P. 26(a)(2)(C)) and have not disclosed any expert affidavits.  Defendant indicates that, since disclosure of expert witness testimony was to be completed by or before Jan. 12, 2012 (Doc. No. 39), no expert opinions should be presented at trial by Plaintiffs.

Plaintiffs indicate that Dr. Thomas Turnbaugh was properly disclosed and will testify as a treating physician. (Doc. No. 109)

**Ruling:**  This Motion is **GRANTED**.

### I. Reference or allusion to, or testimony regarding other prior or current litigation involving Defendant  (Doc. No. 102)

Defendant indicates that other prior or current litigation in which they may be involved is irrelevant and unduly prejudicial (under FRE 403).  Defendant indicates that allegations of tortious acts are generally inadmissible to establish culpability of a defendant on the occasion in question.

Plaintiffs do not oppose.  (Doc. No. 109).

**Ruling:**  This Motion is **GRANTED**.

### J.  Any reference to other alleged falls at stores owned and/or operated by Defendant    (Doc. No. 103).

Defendant requests exclusion of any reference to other alleged falls at stores owned and/or operated by Defendant.  Defendant indicates that admission of such evidence is only allowed if judicial discretion concludes that conditions were the same in other cases.  Defendant indicates that the admission of such evidence would be prejudicial to the Defendant.

Plaintiffs do not oppose.  (Doc. No. 109).

**Ruling:**  This Motion is **GRANTED**.

### K. Alleged weather report from a website known as Weather Underground (Doc. No. 104).

Defendant indicates that Plaintiffs have not established that Weather Underground is an official weather bureau or governmental agency and that the report is unauthenticated.  Defendant states that Plaintiffs have not disclosed a representative

of Weather Underground as an expert witness nor produced a report in discovery or with Rule 26(a)(1) disclosures. Defendant further indicates that Weather Underground is not otherwise known to meet standards of accuracy on par with official government agencies which have been used by some federal courts.

Plaintiffs do not oppose. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

### L. Testimony of Dr. Thomas Turnbaugh (Doc. No. 105)

Defendant indicates that Plaintiffs' disclosure of Dr. Turnbaugh as a Rule 26(a)(2)(C) witness is defective because Plaintiffs disclosed general topics of opinions, but not Dr. Turnbaugh's actual opinions, notably that Plaintiffs disclosed that he may testify as to causation, but did not disclose his causation opinions. Defendant further indicates that Dr. Turnbaugh's testimony regarding all of Mrs. Dusheke's medical expenses incurred from all providers, as well as his testimony regarding future medical treatment/expenses, causation of the injury, and future implications of her well-being and life activities qualify him as a Rule 26(a)(2)(B) expert witness, requiring production of an expert report. Defendant requests that Dr. Turnbaugh's testimony be barred because the Plaintiffs failed to file Expert Affidavits for Dr. Turnbaugh by January 12, 2012, and due to the defective nature of the Plaintiffs' aforementioned Rule 26(a)(2)(C) disclosure,

Plaintiffs indicate that Dr. Turnbaugh will not be testifying as an expert, but only as a fact witness, citing this Court's Scheduling Order (Doc. No. 39, 6) that a treating physician may testify as a fact witness as to opinions drawn during treatment of the patient, including causation, diagnosis, prognosis, and extent of disability caused by the injury. Plaintiffs indicate Dr. Turnbaugh's testimony regarding causation, future implications on Plaintiff's health and well-being or life activities, and need for future treatment qualify as causation, prognosis, and prognosis, respectively. Plaintiffs indicate that only the need for future treatment, not costs associated with, are disputed as the parties have already agreed as to likely costs if future treatments are needed. Plaintiffs claim that this information does not require expert testimony, and that costs should also be fact testimony as Dr. Turnbaugh has knowledge based on this injury as to future costs which includes a follow-up procedure already performed by Dr. Turnbaugh to remove a screw from Mrs. Dusheke's knee at a cost of around $12,000.

Plaintiffs indicate that disclosure of Dr. Turnbaugh's testimony as fact witness was adequate, despite not providing detailed opinions, because it provided a subject matter summary in compliance with Rule 26(a)(2)(C). Plaintiffs also indicate that Defendant failed to complain about inadequate disclosure before this Motion. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

**M. Number of attorneys or office locations of Defense counsel (Doc. No. 106)**

Defendant indicates that reference to the size in number of attorneys or locations of the firm Boggs, Avellino, Lach & Boggs would be immaterial and only useful to establish undue bias against Defendant.

Plaintiffs do not oppose. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

**N. Future need of knee replacement surgery for Mrs. Dusheke (Doc. No. 108).**

Defendants indicate that Plaintiffs do not have medical support to substantiate any argument for the future need of knee replacement surgery. Defendant indicates that Dr. Turnbaugh testified at two depositions that he could not testify with a reasonable degree of medical certainty that Mrs. Duscheke would need a knee replacement in the future as a result of her injury, and that he has never seen an injury like Mrs. Dusheke's (patella fracture) directly cause a need for knee replacement.

Plaintiffs do not oppose. Plaintiffs indicate they would oppose if the Motion were construed to exclude evidence for other future treatment such as hardware removal. (Doc. No. 109).

**Ruling:** This Motion is **GRANTED**.

Date: October 16, 2012  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge